Joy Doreen Watson #88088-008
FCI Dublin
Federal Correctional Institution
5701 8th ST - Camp Parks
Dublin, CA 94568

X FILED     ___ LODGED
___ RECEIVED     ___ COPY

MAY 2 4 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, Phoenix

| | |
|---|---|
| JOY DOREEN WATSON, | CASE NO. **CV 12-1104-PHX-SRB-(MEA)** |
| Defendant-Petitioner, | USDC NO. 2:08-CR-00258-SRB |
| vs | MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. |
| UNITED STATES OF AMERICA | |
| Plaintiff-Respondent. | |

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY, WITH ATTACHED
SUPPLEMENT/MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF.

_Joy Luna_

Joy Watson, pro se

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District of Arizona | |
|---|---|---|
| Name (under which you were convicted):<br>Joy Doreen Watson | | Docket or Case No.: |
| Place of Confinement: FCI Dublin  Unit A/B<br>5701 8th Street, Camp Parks; Dublin, CA 94568 | | Prisoner No.:<br>88088-008 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| | v.    **Joy Doreen Watson** | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court for the District of Arizona, Phoenix
   401 W. Washington Street
   Phoenix, AZ 85003
   (b) Criminal docket or case number (if you know): _2:08-cr-00258-SRB-1_

2. (a) Date of the judgment of conviction (if you know): _August 13, 2009_

   (b) Date of sentencing: _August 10, 2009_

3. Length of sentence: _216 Months_

4. Nature of crime (all counts): Conspiracy to Possess With Intent to Distribute 100 Kilograms or More of Marijuana in violation of 21, U.S.C. §841(a)(1) and (b)(1)(B)(vii) and 846 as charged in Count 1 of the Superseding Indictment; Possession with Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21, U.S.C. §841(a)(1) and (b)(1)(B)(vii) and 846 as charged in Count 2 of the Superseding Indictment; Money Laundering in violation of 18, U.S.C. §1956(a)(1)(A)(i) and (h) as charged in Count 4

5. (a) What was your plea? (Check one)
   (1)  Not guilty  X          (2)  Guilty          (3)  Nolo contendere (no contest)
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)       Jury  X       Judge only

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes        No  X

8.  Did you appeal from the judgment of conviction?    Yes  X        No

9.  If you did appeal, answer the following:

(a) Name of court:  Ninth Circuit Court of Appeals

(b) Docket or case number (if you know):  09-10360

(c) Result:  Affirmed

(d) Date of result (if you know):  May 10, 2011

(e) Citation to the case (if you know):  Unpublished

(f) Grounds raised:  District Court erred when it applied grouping to Marijuana and Money Laundering convictions; Four Level leadership enhancement; Two Point Gun enhancement; Unreasonable sentence

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes        No X

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes        No  X

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes     No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes     No

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes     No

(2) Second petition:     Yes     No

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**  Sixth Amendment Violation;   Ineffective Assistance of Counsel _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

*Please see attached Memorandum in Support*

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes        No  X

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of

 counsel claims are best brought by way of 28 U.S.C. § 2255 _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes        No  X

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

**(3) Did you receive a hearing on your motion, petition, or application?**

    Yes      No

**(4) Did you appeal from the denial of your motion, petition, or application?**

    Yes      No

**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**

    Yes      No

**(6) If your answer to Question (c)(4) is "Yes," state:**

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or**
raise this issue: _____

_____

_____

_____

_____

_____

**GROUND TWO:**   Fifth Amendment Due Process Violation; Sentence Enhancements

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

*Please see attached Memorandum in Support*

_____

_____

_____

_____

_____

_____

_____
_____

**(b) Direct Appeal of Ground Two:**

   **(1) If you appealed from the judgment of conviction, did you raise this issue?**

   Yes  x     No

   **(2) If you did not raise this issue in your direct appeal, explain why:** _____

_____
_____

**(c) Post-Conviction Proceedings:**

   **(1) Did you raise this issue in any post-conviction motion, petition, or application?**

   Yes     No  x

   **(2) If your answer to Question (c)(1) is "Yes," state:**

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

   **(3) Did you receive a hearing on your motion, petition, or application?**

   Yes     No

   **(4) Did you appeal from the denial of your motion, petition, or application?**

   Yes     No

   **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**

   Yes     No

   **(6) If your answer to Question (c)(4) is "Yes," state:**

   Name and location of the court where the appeal was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):_____

_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _Grouping Error_ _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____*Please see attached Memorandum in Support*_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes x    No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes      No  X

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes     No

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes     No

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes     No

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: _____
_____
_____
_____
_____
_____

**GROUND FOUR:** N/A _____
_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

**(b) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes     No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes     No

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes     No

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes     No

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes     No

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:  Ground One was not previously presented because ineffective assistance of counsel claims are best brought by way of Title **28 U.S.C. § 2255.**

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes      No  x
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea:   Rena Pauline Glitsos
     111 W Monroe St., Ste 1216;  Phoenix, AZ 85003

(c) At trial:   David G Derickson
     4835 E Cactus Rd., Ste. 310; Phoenix, AZ 85003

(d) At sentencing:   David G Derickson
     4835 E Cactus Rd., Ste. 310; Phoenix, AZ 85003

(e) On appeal:   Anne M Williams
   1761 E McNair Dr., Ste. 101; Tempe, AZ 85283

(f) In any post-conviction proceeding:  N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes  x  No

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes    No   x

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes      No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petition is timely under *Clay v. United States, 537 U.S. 522 (2003)* wherein the Supreme Court determined that "For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction".

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>To Vacate, Set Aside or</u>
<u>correct the sentence; To appoint counsel to represent in any further proceedings;</u>
_____

or any other relief to which movant may be entitled.


<u>N/A  Pro se</u>_____
**Signature of Attorney (if any)**


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ (month, date, year).


Executed (signed) on _____ (date).


_____
**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. <u>N/A</u>_____
_____
_____


_____

**\* \* \* \* \***

**SUPPLEMENT/MEMORANDUM IN SUPPORT**

**GROUND ONE: Sixth Amendment Violation; Ineffective Assistance of Counsel**

Defense Counsel David G Derickson (Hereinafter, "Defense Counsel") was ineffective for failing to investigate certain aspects in this case.  Defense Counsel, when asked by Defendant-Petitioner Joy Doreen Watson (Hereinafter, "Ms. Watson") if he had an investigator, said "no" because investigators "cost a lot of money" and that he did not need one.  Throughout this case Ms. Watson continually insisted that she was not the leader or the person who called the shots.  Ms. Watson has always maintained that her codefendant Dewayne Onfroy was the leader/organizer in this case and that, out of fear; she participated in the drug activities Onfroy had pulled her into.  Had Defense Counsel investigated the information Ms. Watson was giving him he would have obtained the medical records showing that Onfroy frequently beat Ms. Watson and Ms. Watson had been hospitalized due to Onfroy's abuse.  Defense Counsel would have also obtained Onfroy's criminal records from Los Angeles which showed that Onfroy had been arrested and jailed for domestic violence.

Even though Ms. Watson had left Onfroy she still feared him and it was Onfroy's bullying and threats of more physical violence towards her that led to her involvement in the drug deal with the CI which resulted in her arrest.

Ms. Watson provided Defense Counsel with a list of potential witnesses who had witnessed Onfroy's physical violence towards Ms. Watson and had witnessed her busted cheek.  However, Defense Counsel failed to interview any of the potential witnesses and failed to call anyone to testify in regards to Onfroy's physical abuse of Ms. Watson or

the numerous times she had to be treated in the Emergency Room for injuries that required stitches caused by Onfroy.

Defense Counsel was ineffective for failing to adequately cross examine the government's witnesses or to object to certain witness statements.  Countless times during the trial the Court would have to ask Defense Counsel if he was going to object to statements made by either a witness or the government prosecutor and, more than once, the Court had to correct him.  During trial it appeared that Defense Counsel was either extremely nervous or ill because he kept knocking over the microphone.  The United States Marshalls that were in charge of Ms. Watson and were present during trial made observations and remarks to Ms. Watson about her attorney's performance such as whether Ms. Watson had found her attorney through 1-800-LAWYER.  One Marshall told Ms. Watson that she needed to get rid of her attorney or she would be going away for a long time.

Defense Counsel was ineffective for refusing Ms. Watson's request to take the witness stand on her own behalf.  Several times Ms. Watson insisted that her taking the stand could not make things any worse than what they already appeared to be but, Defense Counsel told her no because it was never a good idea for a defendant to take the stand.  The Sixth Amendment guarantees a criminal defendant the right to the assistance of counsel at trial. *See, e.g., Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is also clear that a criminal defendant has a constitutional right to testify on his/her own behalf at trial. *See Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).  Although the right to testify is not explicitly set forth

16

in the Constitution, we find its origins in the due process clause of the Fourteenth

Amendment, the compulsory process clause of the Sixth Amendment, and as a

"necessary corollary to the Fifth Amendment's guarantee against compelled testimony."

*Id.* at 52, 107 S.Ct. 2704.

Defense Counsel was ineffective prior to trial. Defense Counsel coerced Ms. Watson

into cooperating with the government by telling her that if she did not "free talk" with

the government they would be going after her mother and would charge her mother

with aiding and abetting because Ms. Watson had her mother open a checking account

which Ms. Watson used to write checks. Defense Counsel should have realized at that

time that this information had nothing to do with the offense for which Ms. Watson was

charged on March 19, 2008. Ms. Watson was only being charged for the conduct of

March 19, 2008. The government went so far as to subpoena Ms. Watson's mother to

testify against her. Before and during Ms. Watson's "free talk" with the government she

was told by Defense Counsel and the government that anything she told them could

not/would not be used against her. The government, for several months, obtained all

the information they could about the offense, Ms. Watson's involvement and, the

involvement of her codefendants. Ms. Watson truthfully cooperated with the

government. The prosecuting attorney, Jennifer Green, told Ms. Watson and Defense

Counsel that she was "pleased with the cooperation and information" Ms. Watson had

provided but then used the information she gave to bring a superseding indictment

against her charging her with Conspiracy to Commit Money Laundering in addition to

the existing drug charges.

When asked about a reduction for acceptance of responsibility the government responded that they would have gotten the information eventually.  In the meantime, Ms. Watson's cooperation caused her to be labeled as a snitch and her life was even threatened by a codefendant at CCA Florence, Colorado.

It is apparent that Defense Counsel was more interested in obtaining a plea agreement rather than preparing for a trial.  Defense Counsel, wanting to "make it easier on everyone" went so far as to call Ms. Watson's mother to scare her into talking Ms. Watson into taking a plea proffer.  However, the decision was not Defense Counsel's and Ms. Watson wanted to proceed to trial.  The court in *Turner v. Calderon*, 281 F.3d 851 (9th Cir. 2002) held that a defendant has the right to make a reasonably informed decision whether to accept a plea offer.  During all critical stages of a prosecution it is counsel's duty to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution (*Strickland*, 466 U.S. at 688).  Those obligations ensure that the ultimate authority remains with the defendant "to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal" (*Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

Ms. Watson was extremely aware that she was not getting adequate representation by Defense Counsel so several times she attempted to get the Court to allow her to replace him with another attorney.  The Court told Ms. Watson that she hired him so she would have to deal with it.  The Court even told Ms. Watson that if she fired Defense Counsel she would have to represent herself and asked if she was ready to try

her own case.  In so doing, the court leveled an ultimatum upon Ms. Watson which deprived her of her constitutional rights.   A defendant in a criminal proceeding is entitled to certain rights.... She is entitled to all of them; she cannot be forced to barter one for another. When the exercise of one right is made contingent upon the forbearance of another, both rights are corrupted. Forcing a choice upon Ms. Watson constituted error that calls for a new trial.  At the close of trial she was finally able to fire Defense Counsel but the Court forced her to allow him to represent her at sentencing.

Defense Counsel was also ineffective for failing to prepare anything for the probation department for the Presentence Report.  Defense Counsel said that the probation department could use her "free talk" (cooperation) with the government.  Even though Ms. Watson disagreed with Defense Counsel's decision, he refused to prepare anything for the PSI/PSR.  Defense Counsel told the PSI/PSR preparer to limit the questions because everything she needed to know she already had.

The cornerstone of effective assistance of counsel is set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed 2d 674 (1984).  The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *McMann v. Richardson*, 397 U.S. 749 (1970), *Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Morrison v. Duckworth*, 898 F.2d 1298 (7th Cir 1990); *Shaddy v. Clark*, 890 F.2d 1016 (8th Cir 1989) (per curium); *U.S. v. Angelone*, 894 F.2d 1129 (9th Cir 1990); *Strickland v. Washington*, 466 U.S. 668 (1984); *U.S. v. Cronic*, 466 U.S. 648, 653, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984)("Without counsel, the right to a trial itself would be

of little avail'")); *Bolander v. Singletary*, 16 F.3d 1547 (11th Cir1994); *Battle v. Delo*, 28 F.3d 1547 (8th Cir 1994).

In *Strickland v. Washington,* 466 U.S. 668 (1984), the U.S. Supreme Court established a two-prong test with which to evaluate ineffective assistance of defense counsel claims: (1) That counsel's performance fell below an objective standard of reasonableness, and (2) That counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings. *Lockhart v. Fretwell*, 506 U.S. 364; 113 S.Ct. 838; 122 L.Ed 2d 180 (1993) quoting *Strickland, supra* at page 687; *U.S. v. Springs*, 988 F.2d 746 (7th Cir 1993); *Kyles v. Whitley*, 5 F.3d 806 (5th Cir 1993) cert. Granted 114 S. Ct 1610 (1994); reasonable probability of a different result with effective assistance. Both prongs in the case at bar can be met

Sometimes we are affected by the verdict in our opinion of the worth of our lawyers. Based on the type and gravity of the offense Ms. Watson was charged with, she was entitled to a vigorous advocate, a lawyer who would fight for her.

For the reasons stated herein Ground One, the sentence imposed on Defendant-Petitioner Joy Watson cannot be sustained and she is entitled to a reversal of this Court's judgment.

### GROUND TWO: Fifth Amendment Due Process Violation; Sentence Enhancements

Ms. Watson submits that the Court erred in enhancing her sentence four (4) levels under § 3B1.1 (a) for a leadership role; two (2) levels under § 2D1.1 (b)(1) for possession of a firearm and; erred in denying Ms. Watson a two (2) levels reduction for acceptance of responsibility.

Ms. Watson's sentence was enhanced four (4) levels under § 3B1.1 (a) for a leadership role in the offense and received a sentence twice that of her codefendant Onfroy. However, it is without a doubt that it was Ms. Watson's codefendant Onfroy that was the leader and organizer in this case and that Ms. Watson was clearly under Onfroy's thumb and only did as he instructed. As stated in Ground One, Onfroy was extremely violent and constantly bullied, threatened and beat Ms. Watson into submission when she refused to participate in illegal activities. Onfroy used Ms. Watson and her background in business management to operate his drug business. Ms. Watson was no more than a tool and whipping post to Onfroy.

Ms. Watson's sentence was enhanced two (2) levels under § 2D1.1 (b)(1) for possession of a firearm when, in fact Ms. Watson never possessed a weapon and did not anticipate that a weapon would be possessed by anyone else. The Court erred in applying Sentencing Guideline § 2D1.1 (b)(1) when Ms. Watson did not possess a firearm. The two (2) levels under § 2D1.1 (b)(1) only applies to a defendant's actual possession of a firearm.

Application Note 3 to § 2D1.1 infers that the defendant must be the possessor of the firearm. Enhancements 2, 5, 6, 8, 9, 10(B), and 10(C)(i) within subsection 2D1.1 (b) begin with the preposition "[i]f the *defendant...*" In the case at bar there is no "if" because the *defendant* did not possess a firearm. Furthermore, Ms. Watson cannot be held accountable for the person(s) who did possess a firearm because the absence of the relevant conduct reference in (b)(1) supports a reading that the defendant is *not* held accountable for another's possession of a firearm.

The Court erred in not granting Ms. Watson a two (2) levels reduction for acceptance of responsibility.  The government, for several months, obtained all the information they could about the offense, Ms. Watson's involvement and, the involvement of her codefendants.  Ms. Watson truthfully cooperated with the government.  The prosecuting attorney, Jennifer Green, told Ms. Watson and Defense Counsel that she was "pleased with the cooperation and information" Ms. Watson had provided but then used the information she gave to bring a superseding indictment against her charging her with Conspiracy to Commit Money Laundering in addition to the existing drug charges.

Application Note 2 of § 3E1.1 clearly states that a conviction by trial does not automatically preclude a defendant from consideration for a reduction.  In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.

For the reasons stated herein Ground Two, the sentence imposed on Defendant-Petitioner Joy Watson cannot be sustained and she is entitled to a reversal of this Court's judgment.

**GROUND THREE: Grouping Error**

The Court procedurally erred in adopting the PSI/PSR's grouping of Ms. Watson's two drug convictions with the conviction for money laundering because the drug offenses did not produce any laundered funds, and § 3D1.2(c) of the Sentencing Guidelines does not allow grouping of the money laundering count that cross references conduct embodied in the drug counts.  Ms. Watson claims that the money laundering count

against her was based on funds obtained by her separate and apart from the DEA sting operation.  The majority of the records used to support the money laundering count actually predate the initiation of the DEA sting operation against Ms. Watson.  Thus, the two drug convictions did not produce any funds to support the money laundering count, and the PSI/PSR's grouping of the money laundering count with the drug counts was inconsistent with Aplication Note 6 of § 2S1.1.

Simply put, Ms. Watson was convicted of two drug charges; Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21:846 and Possession with Intent to Distribute Marijuana and Aid and Abet in violation of 21:841(a)(1) and 841(b)(1)(B)(vii) and 18:2.  These drug charges stemmed from a DEA sting operation conducted on March 19, 2008.  Since the drug transaction was interrupted by DEA and Ms. Watson was arrested and placed in custody the offense produced no funds.  Therefore, Ms. Watson could not have laundered funds from the "underlying offense".  The "underlying offense" referred to in section 2S1.1(a)(1) is "the offense which produced the laundered funds.

For the reasons stated herein Ground Three, the sentence imposed on Defendant-Petitioner Joy Watson cannot be sustained and she is entitled to a reversal of this Court's judgment.

## CONCLUSION

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." The statute establishes that a prisoner in custody under a sentence of a court

established by Congress "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court *shall vacate and set the judgment aside* and *shall* discharge the prisoner or resentence him/her *or grant a new trial* or correct the sentence as may appear appropriate." *Id.* (emphases added).

The Court cannot determine the accuracy of Ms. Watson's claims without evaluating the credibility of Defense Counsel and, because the Court cannot determine on the basis of the current record whether Ms. Watson can show either deficiency or prejudice, the Court must hold an evidentiary hearing to resolve these issues. See Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Ms. Watson submits that an evidentiary hearing is needed to determine the issue of whether she was denied effective assistance of counsel.

For the points of authority and reasons stated herein, the conviction and sentence imposed upon Joy Watson cannot be sustained and the relief she is seeking must be **GRANTED**.

Respectfully submitted this _17_ day of May, 2012.

Joy Watson, pro se

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion To Vacate, Set Aside or Correct a

Sentence has been sent this ___17___ day of May, 2012, by placing the same in the United

States Mail, First Class postage prepaid for delivery to;

Jennifer Elaine Green
U.S. Attorney's Office
2 Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ 85004-4408

Joy Watson

Mailed pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988)

OAKLAND CA
TUE 22 M...

Joy WATSON 88088008
Federal Correctional Institution
5701 8th Street Camp Parks
Dublin CA 94568

J08B-008 ⇨

Sandra Day Oconnor Us Courthou 5e
401W Washingtonstreet,Ste130,Spc1
Phoenix, AZ 85003
United States