**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
|     Plaintiff/Respondent, ) | |
| ) | CR 08-00258 PHX SRB |
|     v. ) | CV 12-01104 PHX SRB MEA |
| ) | |
| Joy Doreen Watson, ) | REPORT AND RECOMMENDATION |
| ) | |
|     Defendant/Movant. ) | |

**TO THE HONORABLE SUSAN R. BOLTON:**

On May 24, 2012, Ms. Watson ("Movant"), filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On September 21, 2012, Respondent filed a Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 6). Movant filed a traverse to the response to her section 2255 motion on March 11, 2013. See Doc. 12.

**I Procedural History**

A superseding federal grand jury indictment returned November 13, 2008, charged Movant with one count of conspiracy to possess marijuana with intent to distribute, one count of possession of marijuana with intent to distribute, and one count of conspiracy to commit money laundering. See Criminal Doc.

196.[1]  The superseding indictment named nine co-defendants.  See id.

Movant was tried before a jury along with two co-defendants.  See Criminal Doc. 448.  Movant was represented by retained counsel during her criminal proceedings.  In a decision rendered April 23, 2009, a jury found Movant guilty of the drug offenses and found the drug offenses involved more than 100 kilos of marijuana.  The jury also found Movant guilty of conspiracy to commit money laundering.  See id.

Movant's counsel subsequently filed a motion (Criminal Doc. 476) for acquittal or, in the alternative, seeking a new trial based on the assertion of procedural and legal error and insufficiency of the evidence.  See id. & Criminal Doc. 529.  The motion was denied on June 30, 2009.  See Criminal Doc. 529.  Movant's counsel filed objections to the presentence report.  See Criminal Doc. 557.  On August 10, 2009, Movant was sentenced to a term of 216 months (eighteen years) imprisonment on each count of conviction, the sentences to be served concurrently, and a subsequent term of five years supervised release.  See Criminal Doc. 604.

Movant took a timely direct appeal of her convictions and sentences.  See Criminal Doc. 736 (also at 2011 WL 1762715).  Movant asserted that the District Court erred in grouping her marijuana and money laundering convictions when determining the

---

[1] A grand jury indictment returned March 27, 2008, did not charge Movant or her co-defendants with money laundering.  See Criminal Doc. 47.

-2-

appropriate offense level pursuant to United States Sentencing Guidelines ("USSG") § 2S1.1(a)(1).  Movant argued the District Court erred in finding that the drug offenses were the "underlying offenses" of the money laundering offense.  Movant also asserted the District Court erred in finding that she organized and led criminal activity that involved at least five persons and that her involvement was "otherwise extensive." Accordingly, Movant argued, increasing her offense level by four levels to account for her status as a leader and organizer pursuant to USSG § 3B1.1(a) constituted error by the District Court.  Movant further argued the Court incorrectly enhanced her offense level under USSG § 2D1.1(b)(1) based on her coconspirators' possession of firearms.  Movant also asserted that the District Court rendered a substantively unreasonable sentence compared to those imposed on her co-defendants.

The Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences in a decision entered May 10, 2011; the mandate was entered June 17, 2011.  See id. (Criminal Doc. 736 & 2011 WL 1762715).  The Ninth Circuit noted Movant's sentence was within the calculated guideline range, which the court concluded "points toward [its] reasonableness."  2011 WL 1762715 at 9.[2]  The appellate court also confirmed the District

---

[2] The Court of Appeals characterized the arguments raised by Movant as "unique":
> She claims that, in effect, one can never group a money laundering offense with the underlying offense that produced funds, and that because she was arrested before she could obtain or launder the funds from this particular transaction, grouping was also inappropriate...

-3-

Court's finding of "ample evidence" that Movant had acted as the leader of the drug trafficking organization, therefore deserving a harsher sentence than the sentences given to her co-defendants. Id.

In her section 2255 motion Movant argues she is entitled to relief from her convictions and sentences because her trial counsel's performance was unconstitutionally ineffective. Movant also contends the District Court violated her right to due process of law by enhancing her sentence. Movant also contends the District Court erred when it illegally grouped Movant's drug convictions with her money laundering conviction because, she asserts, the drug offenses produced no laundered funds.

**II Analysis**

**A. Procedural default of section 2255 claims**

Because collateral review is "an extraordinary remedy and will not be allowed to do service for an appeal," absent a showing of cause and prejudice a section 2255 movant procedurally defaults all claims not raised in their direct appeal, other than claims asserting they were deprived of their right to the effective assistance of counsel. Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998). See also United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Braswell, 501 F.3d 1147, 1149-50 (9th Cir. 2007); United States v. Ratigan, 351 F.3d 957,

---

at 7 n.19.

-4-

964 (9th Cir. 2003).

"[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Frady</u>, 456 U.S. at 167-68, 102 S. Ct. at 1594. <u>See</u> also <u>Ratigan</u>, 351 F.3d at 964.

> The "cause and prejudice" test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where "interference by officials" may have prevented the claim from being brought earlier. <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639 [](1986). If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S.Ct. 1584 [](1982).

<u>Braswell</u>, 501 F.3d at 1150.

A petitioner who fails to show cause and prejudice can still obtain collateral review of a claim not raised in their direct appeal by demonstrating the likelihood of their "actual," i.e., factual, innocence. <u>See</u> <u>Bousley</u>, 523 U.S. at 623, 118 S. Ct. at 1611-12; <u>Braswell</u>, 501 F.3d at 1150. To establish actual innocence the movant must demonstrate that, in light of all the evidence including new evidence that might be introduced by both sides, it is more likely than not that no reasonable juror would have convicted them. <u>See</u> <u>Ratigan</u>, 351 F.3d at 964, <u>quoting</u>

-5-

Bousley, 523 U.S. at 623, 118 S. Ct. at 1611.

Additionally, as a general rule, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979). See also Feldman v. Hedman, 815 F. 2d 1318, 1322 (9th Cir. 1987). A section 2255 petitioner may, in limited circumstances, raise claims of *trial court error* that were previously raised and decided on direct appeal. See Feldman, 815 F.2d at 1322 (emphasis added), citing Kaufman v. United States, 394 U.S. 217, 227 n.8, 89 S. Ct. 1068, 1074 n.8 (1969).

> The scope of this exception has been clarified by Supreme Court and Ninth Circuit case law. The guiding principles may be summarized as follows: When a district court is confronted by a repetitive claim in a § 2255 Motion, the court may refuse to consider the claim and may give controlling weight to the court of appeals' determination if (1) the "same ground" presented in the § 2255 Motion was previously determined adversely to the petitioner; (2) the prior determination was "on the merits;" and (3) the "ends of justice" would not be served by reaching the merits of the claim in the subsequent § 2255 Motion. Sanders v. United States, 373 U.S. 1, 15, 83 S. Ct. 1068, 1077, [] (1963); Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir. 1989); Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir. 1976).

United States v. Olmos-Esparza, 974 F. Supp. 1311, 1317 (S.D. Cal. 1997).

Movant does not contend that she is actually innocent of the crimes of conviction, but instead argues that she was improperly sentenced and, in her traverse, that her trial counsel was ineffective not only for failing to adequately represent her during sentencing but also for failing to

negotiate or present a plea agreement to her. As discussed infra, Movant has not established cause for nor prejudice arising from the procedural default of some of her claims. Accordingly, the only issue properly before the Court are the merits of Movant's ineffective assistance of counsel claims.

**B. Movant's claims for relief**

**1. Movant's ineffective assistance of counsel claims**

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). See also United States v. Thomas, 417 F. 3d 1053, 1056 (9th Cir. 2005). It is Movant's burden to provide the Court with sufficient evidence from which the Court can conclude counsel's performance was unconstitutionally ineffective. See, e.g., United States v. Withers, 638 F.3d 1055, 1066-67 (9th Cir. 2011). Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at

-7-

2065. There is a "strong presumption" that trial counsel's conduct and strategy falls "within the wide range of reasonable professional assistance." Id.

To establish that her counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as her counsel acted. See United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1986). With regard to the prejudice prong of the Strickland analysis, the probability of prejudice may not be based merely upon conjecture or speculation. See Mickens v. Taylor, 525 U.S. 162, 175-76, 122 S. Ct. 1237, 1246 (2002) (Kennedy, J. concurrence) (regarding speculation as having no place in a Strickland analysis).

The Supreme Court recently confirmed that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).

> If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest. See Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996) (examining counsel's failure to advise client of wisdom of accepting a plea). Therefore, [the defendant] will state a claim under the Sixth Amendment if [his counsel's] conduct in delaying [the defendant's] plea was "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052[].

United States v. Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003).

-8-

In her section 2255 motion Movant contends that her trial counsel, who was retained, did not hire an investigator and secure testimony that she believed would assist her defense. Movant also maintains that her defense counsel should have hired an investigator to develop evidence supporting the fact that she was afraid of a co-defendant and that the "laundered" money was not the proceeds of drug transactions. In her traverse Movant contends that her counsel was ineffective because counsel did not act as an advocate during her plea, sentencing, and appeals process. Movant alleges that, if she had adequate counsel during the "plea process" she would have pled guilty to the charges against her. Movant asserts that if her counsel had properly explained the "intricacies" of a plea offer and "what was expected of her with the appropriate safeguards" she would have accepted a guilty plea rather than go to trial. Movant contends her counsel was "inept" and repeatedly characterizes her counsel's performance as "unprofessional". Movant acknowledges that her counsel had a "difficult job" representing her. Movant asserts that the affidavit of her counsel provided by Respondent "does not directly rebut material allegations" made in her section 2255 motion.

Respondent argues that any alleged deficiency in counsel's performance was not prejudicial. Respondent notes Movant's counsel argued to the jurors that they should find Movant not guilty because there was not enough evidence of a deal for 800 pounds of marijuana; that cooperating witnesses should not be believed; that the members of the alleged

trafficking organization did not know one another; that a co-defendant assaulted Movant and set the prices of the drug deal; and that there was not a sufficient link between a specified drug activity and money laundering. Respondent notes that, to support these defense theories of innocence, Movant's counsel cross-examined the government's witnesses about the relationships between the alleged co-conspirators and attacked the actions and credibility of the agents who investigated the case. Subsequent to Movant's conviction, Movant's counsel disputed both the pre-sentence report and government's suggested offense level calculations. Respondent notes Movant's counsel was successful in persuading the District Court to lower Movant's offense level at sentencing.

Attached to the response to the section 2255 motion as Exhibit 2 is the affidavit of Movant's counsel. Attorney-client privilege has been vitiated for the purposes of the section 2255 motion. In the affidavit counsel avers that the basis for the prosecution of Movant was information supplied by an informant and Movant's boyfriend that Movant and her boyfriend were partners in drug trafficking. Counsel notes Movant and her co-defendants were arrested "at least in constructive possession of hundreds of pounds of marijuana." Doc. 8, Exh. 2. Counsel avers that, after Movant described to him the extent of what she believed to be exculpatory evidence, counsel delineated the incriminating evidence against her and opined that her claim that she was coerced into participating in the drug trafficking was not likely to be successful. Counsel advised Movant to

-10-

consider a cooperation agreement.  Id.

The government agreed to recommend a substantial USSG section 5K1.1 adjustment if Movant agreed to a free talk and agreed to testify if necessary.  The offer included a requirement that Movant would tell the truth and provide useful information.  Counsel told Movant he believed the resulting sentence would be approximately seven years. Movant agreed, the free talk was had, a plea agreement was drafted. Counsel avers that Movant refused to enter into the plea agreement after it was drafted even though the offer was on the table until the first date of Movant's trial.  On the first day of Movant's trial she asked the court to terminate her counsel's representation and asked the Court to appoint counsel. The Court told Movant she would have to proceed with new counsel that day.  Movant decided to proceed to trial with her retained counsel. Counsel avers Movant "stood on her right to proceed to trial rather than plead guilty." Id.

Counsel further asserts that the evidence Movant asserts could have been found by an investigator was fully presented to the jury through witnesses who testified at her trial. Counsel notes his many years of trial experience and the hours and effort he expended representing Movant. Id. Counsel also explicates his work regarding Movant's sentencing and notes the sentence imposed was greatly reduced from what the government requested.

The record in this matter indicates Movant chose to proceed to trial notwithstanding the existence of a plea offer

beneficial to Movant. Movant has not established that her counsel's representation was ineffective with regard to pretrial plea agreement negotiations. The record reflects Movant chose to proceed to trial notwithstanding her counsel's advice.

A section 2255 movant must demonstrate that defense counsel grossly mischaracterized the likely outcome and provided erroneous advice on the effects of going to trial to be entitled to relief. See United States v. Ross, 338 F.3d 1054, 1056-57 (9th Cir. 2003); Williams v. Jones, 571 F.3d 1086, 1090 n.3 & n.4 (10th Cir. 2009); Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000); Jones v. Murray, 947 F.2d 1106, 1110-11 (4th Cir. 1991). Movant has not met her burden of establishing that her counsel's performance during plea, trial, or sentencing proceedings was deficient or prejudicial. See United States v. Manzo, 675 F.3d 1204, 1209-10 (9th Cir. 2012); Compare United States v. Day, 285 F.3d 1167, 1172 (9th Cir. 2002).

**2. Movant argues the District Court erred when it illegally enhanced her sentence, in violation of the Fifth Amendment.**

Movant asserts the District Court erred by enhancing her sentence for a leadership role and for possession of a firearm, and by denying a two-level reduction for acceptance of responsibility. In her traverse Movant contends that her sentence was improperly enhanced based on facts not presented to the grand jury not alleged in the indictment and not presented to a jury. With regard to Respondent's contention that these claims are barred by the doctrine of procedural default, Movant argues she has established cause and prejudice regarding her

default because she contends her counsel was ineffective for failing to assert these arguments at sentencing and in her direct appeal.

Movant did not contest the District Court's denial of a two-level reduction for acceptance of responsibility in her direct appeal. Accordingly, the claim has been procedurally defaulted. Movant has not shown cause for nor prejudice arising from her procedural default of the claim. Movant has not made a showing that a miscarriage of justice will occur absent consideration of this claim. Furthermore the District Court did not err when it denied Movant's claim for a two-level reduction for acceptance of responsibility. Given that Movant chose to go to trial rather than accept a plea agreement offering this specific adjustment in her potential sentence, there is no reasonable probability that the Court would apply this adjustment.

**3. Movant contends the District Court erred when it illegally grouped Movant's drug convictions with her money laundering conviction because the drug offenses produced no laundered funds.**

Movant included this argument in her direct appeal. The Ninth Circuit Court of Appeals denied relief on the merits of the claim. The Court should not consider the claim because the same claims was previously determined adversely to Movant, the prior determination was on the merits of the claim, and the "ends of justice" would not be served by the Court again considering the merits of the claim.

### III Conclusion

Movant is not entitled to relief on the merits of her ineffective assistance of counsel. Movant has not established that her counsel's performance was deficient or that she was prejudiced by any alleged deficient in performance. Additionally, contrary to Movant's assertions, the record in this matter reflects that a plea offer was available to Movant, that Movant's counsel advised her to take the plea agreement, that Movant insisted on going to trial and that Movant's counsel ably defended her at trial. The record in this matter also indicates Movant's counsel's performance during her sentencing proceedings was not deficient nor was any alleged deficiency prejudicial.

Movant procedurally defaulted her second claim for habeas relief by failing to raise the claim in her direct appeal. Movant has not shown cause for nor prejudice arising from her procedural default of this claim. Additionally, Movant's third claim for relief was raised in her direct appeal and denied on the merits by the Ninth Circuit Court of Appeals. Accordingly, the Court should not re-consider the merits of the claim.

**IT IS THEREFORE RECOMMENDED** that Ms. Watson's motion for relief from her convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

-14-

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 1st day of April, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-15-