NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff/Respondent,<br><br>v.<br><br>Joy Doreen Watson,<br><br>               Defendant/Movant. | No. CV-12-01104-PHX-SRB<br>CR-08-00258-PHX-SRB<br><br>**ORDER** |

      Defendant Joy Doreen Watson (Watson) filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 24, 2012. Watson's motion makes three claims for relief. Watson claims that counsel was ineffective, that the Court violated her rights to due process by enhancing her sentence and that the Court erred in illegally grouping her drug convictions with her money laundering conviction. The United States filed a response in opposition on September 21, 2012 and Watson filed her traverse on March 11, 2013.

      The Magistrate Judge issued his Report and Recommendation on April 2, 2013 finding that Watson failed to establish that her counsel's performance was deficient or that she was prejudiced by any alleged deficiency in performance, that she procedurally defaulted her second claim by failing to raise the claim in her direct appeal and had not shown cause and prejudice to excuse her procedural default of this claim, and that Watson's third claim was raised in her direct appeal and decided on the merits by the Court of Appeals and, therefore, should not be reconsidered by this Court. Watson filed

timely written objections to the Magistrate Judge's Report and Recommendation on July 11, 2013.

In her objections Watson argues that trial counsel was ineffective for five different reasons. First, he failed to properly challenge the leader/organizer enhancement to her guidelines calculation. Second, he failed to allege that the government had not met its burden of proof for the leader/organizer enhancement and failed to argue that the enhancement should be submitted to the jury for a finding. Third, he failed to have the amount of drugs to trigger the mandatory minimum submitted to the jury for findings. Fourth, he failed to argue that the government did not meet its burden of proof as far as the amount of drugs. And fifth, counsel failed to protect her interests during the free talk. Watson had argued in her motion that trial counsel was ineffective because he failed to hire an investigator to investigate certain aspects of the case, because he failed to adequately cross-examine government witnesses and object to certain witness testimony, because he refused Watson's request to take the witness stand on her own behalf, and because he failed to prepare anything for the Probation Department for its presentence report. In Watson's traverse she added to her assertions of ineffective assistance of counsel that counsel was ineffective because he did not act as an advocate during her plea negotiations, at sentencing or during the appeals process. The Court will only address the issues of ineffective assistance of counsel to which Watson filed objections to the Magistrate Judge's Report and Recommendation.

The Court agrees with the Magistrate Judge that Watson has failed to show any prejudice from any alleged deficiencies in counsel's performance. With respect to her two objections relating to the leader/organizer enhancement, on Watson's direct appeal the Court of Appeals upheld this Court's finding that Watson organized and led criminal activity that involved at least five persons and that her involvement was otherwise extensive. Therefore, she has not shown prejudice by any alleged deficiencies in counsel's arguments with respect to the application of this enhancement to her guidelines calculation at sentencing.

With respect to her two claims that counsel was ineffective because he failed to have the jury make findings for the amount of drugs to trigger the mandatory minimum, Watson is simply in error. In its verdict returned on April 23, 2009, the jury found Watson guilty of the marijuana charges and found that the amount of marijuana involved was more than 100 kilograms. The jury was instructed that the quantity of drugs had to be proved beyond a reasonable doubt.

Finally, Watson argues that counsel failed to protect her interests during the free talk. She appears to argue that because the prosecutor offered the same plea agreement before she engaged in the free talk as after that counsel was somehow ineffective in encouraging her to engage in this free talk. The Magistrate Judge summarized the evidence presented in the government's response to Watson's motion concerning the plea negotiations and the free talk. Watson does not dispute that her lawyer advised her to consider a cooperation plea agreement, that the government agreed to recommend a substantial downward departure from her guideline calculated range if she agreed to a free talk and agreed to testify at trial if necessary, and that counsel told her that it was his opinion that if she cooperated her sentence would be approximately seven years. Counsel states in his affidavit that Watson refused to enter into the plea agreement after it was drafted and that the offer remained open until the first day of her trial. Watson has presented no evidence in her motion, traverse or objections that this was not so. She simply argues that it was ineffective assistance of counsel to advise her to engage in the free talk and to advise her that she should enter into a cooperation plea agreement.

IT IS ORDERED overruling Watson's objections to the Magistrate Judge's recommendation that Watson has failed to establish that her counsel's performance was deficient or that she was prejudiced by any alleged deficiency in his performance.

Watson's objections include an objection to the Magistrate Judge's finding that the Court did not err in enhancing her guidelines calculations for a leadership role and for possession of a firearm and by denying a two-level reduction for acceptance of responsibility. The Magistrate Judge found these claims procedurally defaulted. Watson

failed to assert the denial of the two-level reduction for acceptance of responsibility in her direct appeal and, therefore, procedurally defaulted this claim. In her objections Watson has not shown cause or prejudice to excuse her procedural default. The Court of Appeals affirmed the upward adjustments for a leadership role and for possession of a firearm. Like Watson's third claim, these guideline calculations issues were considered by the Court of Appeals and the Court sees no reason to reconsider them.

IT IS FURTHER ORDERED overruling Watson's objections to the Magistrate Judge's recommendation that she procedurally defaulted any claims for enhancement or reduction of sentence as raised in claim two.

Watson's objections do not contest the Magistrate Judge's conclusion that the Court should not consider the claim that it erred in grouping her drug convictions with her money laundering conviction because that claim was raised and rejected the Court of Appeals.

IT IS FURTHER ORDERED overruling Watson's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that Watson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied and dismissed with prejudice.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 1st day of October, 2013.

_____
Susan R. Bolton
United States District Judge